IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MICHAEL LEROY THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) CV 02-PT-1864-M |
| MR. JAMES STEADMAN, | ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

This is a civil action pursuant to 42 U.S.C. § 1983 filed by plaintiff, Michael Leroy Thomas. In his *pro se* complaint, plaintiff names Mr. James Steadman as defendant. He contends that defendant Steadman violated his constitutional right to be free from cruel and unusual punishment by subjecting him to excessive force. As compensation for the alleged constitutional violation, plaintiff seeks monetary relief.

On April 20, 2004, the magistrate judge entered a report and recommendation, recommending that summary judgment be granted in part and denied in part as to the above named defendant. On May 18, 2004, plaintiff filed objections.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's findings of fact and conclusions of law are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. The Court finds that defendant Steadman's motion for summary judgment is due to be GRANTED IN PART and DENIED IN PART as follows:

1. The Court EXPRESSLY FINDS that there are no genuine issues of material fact showing defendant Steadman subjected plaintiff to excessive force in his official capacity. Therefore,



defendant Steadman's motion for summary judgment is due to be GRANTED to the extent he is sued in his official capacity.

2. The Court EXPRESSLY FINDS that there are genuine issues of material fact showing defendant Steadman subjected plaintiff to excessive force in his individual capacity. Therefore, defendant Steadman's motion for summary judgment is due to be DENIED to the extent he is sued in his individual capacity.

Accordingly, the excessive force claim against defendant Steadman in his individual capacity is due to be REFERRED to magistrate judge Paul W. Greene for further proceedings.

An appropriate order will be entered.

DATED this 25th day of May, 2004.

ROBERT B. PROPST
SENIOR JUDGE